UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CECIL BATES, )<br>)<br>Petitioner, )<br>) Cause No. 3:05-CV-159-TS<br>v. )<br>)<br>CECIL DAVIS, )<br>)<br>Respondent. ) | |

**OPINION AND ORDER**

On March 18, 2005, pro se Petitioner Cecil Bates filed a petition seeking relief under 28 U.S.C. § 2254. The Court directed the Petitioner to show cause why his Petition should not be dismissed as untimely. Instead, on May 26, 2005, Mr. Bates submitted a "Petition for Stay of Writ of Habeas Corpus."

**A.   Addressing the Petitioner's May 26 Submission**

Despite its title, this Motion actually asks the Court to hear together both the above captioned case and another he filed on the same day. However, the Court notes that even if the Petitioner did intend to request a stay, that request would be denied, as he does not argue that any of his claims are unexhausted. *See Rhines v. Weber*, 125 S. Ct. 1528 (2005).

The other case the Petitioner filed on March 18, 2005, was filed under cause number 3:05-CV-158. On May 9, 2005, Judge Miller entered an order transferring that case to the Southern District of Indiana, where it received a new cause number of 1:05-CV-717. That court denied the Petitioner's writ for habeas corpus on May 20, 2005. On June 28, 2005, the court denied the Petitioner's request to proceed in forma pauperis and his motion for leave to proceed with or file a

second or successive petition for a writ of habeas corpus.

The Petitioner's May 26 Motion also expresses his concern that the filing fee he submitted to the clerk's office was returned to him. The check Mr. Bates submitted to the court for $10 was returned because the filing fee for a petition for writ of habeas corpus is only $5 and the clerk's office did not find another case to which the other $5 could be applied. The Court notes that the docket for this case and for Indiana Southern District Cause No. 1-05-CV-717 reflects that the Petitioner has paid the filing fee in both cases.

Because there is no merit to any motion to stay, because the Petitioner has paid the filing fee on both cases he filed on March 18, 2005, and because the Court cannot join this case with another complaint that has already been dismissed, the Petitioner's "Petition for Stay of Writ of Habeas Corpus" [DE 8] is DENIED.

**B.    Court's Order to Show Cause**

On April 28, 2005, this Court issued an order granting the Petitioner until May 27, 2005, to show cause why his Petition should not be dismissed as untimely. As the Court noted, 28 U.S.C. § 2254(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief, and it appeared to the Court that the last action in his criminal case he is challenging took place in 1997–98.

The Petitioner has submitted copies of his convictions and release dates. However, nothing he has submitted demonstrates that he filed the present Petition within the statute of limitations, or that he had qualifying state court proceedings pending which would have tolled the statute of limitations. Because Mr. Bates has failed to show why his Petition should not be dismissed as

untimely, nor why the Petition should be stayed, the Petition is DISMISSED with prejudice.

SO ORDERED on July 14, 2005.

S/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT